**UNITED STATES BANKRUPTCY COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

IN RE:                              :      CHAPTER 13
                                    :
JOHN T. SIZEMORE, JR.               :
                                    :
      DEBTOR                        :      NO. 15-18901 (JKF)

## FIRST AMENDED CHAPTER 13 PLAN

The petitioner(s), herein, propose the following Plan under Chapter 13 of the U.S. Bankruptcy Code.

A. The future earnings or income of the Debtor(s) as may be necessary for the execution of this Plan are submitted to the control of the Standing Trustee, the sum of

**$2,610.00 for the first 6 months (Total); then**
**$  382.00 per month for 54 months.**

B. From the payments so received, the Standing Trustee shall make distributions in the following order of payment:

1. To the Standing Trustee, his costs, expenses and commissions in accordance with certain statutes, then

2. To the Attorney for the Debtor(s), the sum of $2,000.00 or such sum as is allowed by the Court, upon application duly made and order entered, then

3. For or on account of administration expenses provided for under the Code or allowed by the Court, then

4. To the Priority Creditors of the Debtor(s), full payment, in deferred cash payments, of all claims entitled to priority under Section 507 of the U.S. Bankruptcy Code.

5. To the secured creditors of the Debtor(s), as follows:

   a) To the following secured creditors, the amount necessary to pay, in full, all **ARREARAGES** on mortgages or secured obligations on claims filed and allowed for the purpose of **CURING DEFAULT** on said obligations. These obligations are reinstated under the terms of the original contract. Regular monthly payments are to be paid directly to the creditors. The claims are follows:

      i) JP Morgan Chase Bank, N.A. (Mortgage): $15,305.31 or as proved and allowed.

      b) To the following secured creditors who shall be satisfied entirely through this Plan.  These creditors **SHALL NOT** receive regular monthly payments from the Debtor(s):

    NONE

      c) To the following secured creditor, payments to whom are current and to whom Debtor shall continue to pay outside of this Plan:

    NONE

    6.  To all unsecured creditors, including those creditors whose claims, in part, are to be treated as unsecured claims under the provision of Code Section 1325(b), **full payment (100%) of their claims as filed and allowed,** except that no payments shall be made under this plan regarding debtor's non-dischargeable student loan obligation to U.S. Department of Education c/o FedLoan Servicing (Claim No. 4).  Such obligation shall be satisfied in the future in accordance with the contract terms.

C.  The Debtor(s) hereby proposes SURRENDER of collateral as follows:

      **i)  2010 Jeep Patriot.  Due to the surrender of this vehicle, no payments shall be made to Wells Fargo Bank N.A., d/b/a Wells Fargo Dealer Services (Claim no. 5) or any of its affiliates.**

C.  The Debtor(s) hereby proposes SURRENDER of collateral as follows:

    NONE

D.  The following executory contracts of the Debtor(s) are REJECTED:

    NONE

E.  The following executory contracts shall be paid in full through the Debtor(s) Plan according to the original terms of said contract:

    NONE

F.  Title to Debtor(s)' property shall revest in Debtor(s) upon confirmation of the Plan or upon dismissal of the case after confirmation or upon closing of the case.

G.   Debtor is not eligible for a discharge.

/s/ David B. Spitofsky
Attorney for Debtor